**Donjia JOHNSON, et al., individually, and on behalf of the Center for Communication and Development/KMOJ Radio, Appellants,**

v.

**Ronald A. EDWARDS, Respondent.**

**No. C7–90–1972.**

Court of Appeals of Minnesota.

March 19, 1991.

Review Denied May 23, 1991.

Steven J. Kinnunen, St. Paul, Minn., for appellants.

Mark J. Schneider, Paul M. Gabbert, Lange & Gray, P.A., Bloomington, Minn., for respondent.

Considered and decided by LANSING, P.J., and HUSPENI, and DAVIES, JJ.

## OPINION

LANSING, Judge.

Directors of a nonprofit radio broadcasting corporation who left an annual meeting after a dispute over voting rights sought an order reconvening the meeting and enjoining the president from altering the station's policies or programming. We affirm the trial court's denial of a temporary injunction but reverse its dismissal of the underlying action.

## FACTS

This litigation arises from a voting rights dispute among the thirteen directors of the Center for Communications and Development/KMOJ Radio (CCD/KMOJ), a nonprofit corporation. At the opening of the November 2, 1989 annual meeting, the president of the board of directors announced that the right to vote of two directors was suspended. Several directors protested the suspension as a violation of the bylaws.[1] When the president refused to reconsider, seven of the thirteen directors left the meeting. The seventh departing director requested that the record of the meeting reflect that she had not been part of the decision and that she "challenge[d] the quorum of those * * * remaining." The president continued the meeting, and the board added four new directors and re-elected the president for another term.

The seven directors who left the meeting brought this action to enjoin the president and new directors from acting on behalf of the corporation until a procedurally correct annual meeting could be held. They also sought a temporary injunction to prohibit the president from decreasing community programming on the radio station or signif-

---

1. The bylaws do not provide for suspension of voting rights, and revocation of board membership is permitted only after notice and a hearing.

icantly altering the station's operations or policies.

## ISSUES

1. Did the trial court err in ruling that Minn.Stat. § 317A.235 requires dismissal of the action?

2. Did the trial court abuse its discretion by denying the motion for a temporary injunction?

## ANALYSIS

### I

■ The motion for dismissal was brought alternatively for failure to state a claim upon which relief can be granted or for summary judgment. Although proper characterization of the motion may not affect its appellate resolution, we agree that the incorporation of extrinsic materials converted the motion to one for summary judgment. *See* Minn.R.Civ.P. 12.02.

■ It is undisputed that CCD/KMOJ is a nonprofit corporation established under Minn.Stat. chap. 317. In 1989 the legislature enacted a new Minnesota Nonprofit Corporation Act, Minn.Stat. chap. 317A. On January 1, 1991, all nonprofit corporations became subject to the new act. Minn. Stat. 317A.021, subd. 7(a). Before January 1, 1991, nonprofit corporations could elect to be governed by the new act by resolution approved by the affirmative vote of the membership or adopted by a majority of the directors. Minn.Stat. § 317A.021, subd. 4. The election resolution required proper notice and filing with the secretary of state. *Id.*.

The trial court, in dismissing the main action, assumed that the new act applied. However, the annual meeting took place before the January 1, 1991 effective date of the new act and there is no evidence or claim that CCD/KMOJ considered, passed, or filed a resolution electing early governance under chapter 317A. Consequently, Minn.Stat. chap. 317 governed the conduct of CCD/KMOJ's annual meeting on November 2, 1989.

■ Minn.Stat. § 317.15 provided for enactment of bylaws "for the purpose of administering and regulating the affairs of the corporation," if the bylaws were "not inconsistent with law or the articles of incorporation." Section 5.5 of CCD/KMOJ's bylaws provides, in part:

> Once established, a quorum remains established until the adjournment of the meeting *or until a member calls for a quorum count and one is found lacking.*

(Emphasis added.) The bylaws of CCD/KMOJ set a quorum at fifty percent of the board. The affidavit of the seventh departing director states that a quorum count was requested. At a minimum, this evidence establishes a question of fact. Under Minn.Stat. chap. 317, summary judgment against the departing directors' claims for relief is not supportable.

■ Even if the new act had applied, we do not read it to completely invalidate CCD/KMOJ's bylaw providing for a quorum. Minn.Stat. § 317A.227(a) provides:

> Unless the articles or bylaws provide otherwise, * * * if a vacancy occurs on the board of directors, including a vacancy resulting from an increase in the number of directors:
>
> \*  \*  \*  \*  \*  \*
>
> (2) *the remaining members of the board,* though less than a quorum, may fill the vacancy.

(Emphasis added.)

Section 317A.235, which permits business to be transacted until adjournment even if the number of directors present falls below a quorum, can be reconciled with section 317A.227(a). The new act permits corporate restriction on the power of a board minority to add directors and to alter the balance of corporate control without a quorum. Although the corporation's quorum bylaw is subject to section 317A.235, section 317A.227 preserves the validity of quorum challenges with respect to the addition of new directors.

## II

To obtain a temporary injunction, the appellants must show that the remedies available at law are inadequate to prevent irreparable harm. *See Cherne Indus., Inc. v. Grounds & Assoc., Inc.*, 278 N.W.2d 81, 92 (Minn.1979). To determine whether the trial court abused its discretion in ruling on the motion for a temporary injunction, we consider (1) the parties' relationship before the dispute; (2) the balance of harm; (3) the likely outcome of the litigation; (4) public policy; and (5) any administrative burden in the judicial supervision and enforcement of a temporary injunction. *See Dahlberg Brothers, Inc. v. Ford Motor Co.*, 272 Minn. 264, 274–75, 137 N.W.2d 314, 321–22 (1965).

Under these guidelines, we conclude that the trial court did not abuse its discretion in denying the injunction. The protesting directors contend that an injunction is necessary to prevent the president from changing the community-oriented aspects of the radio station, but no evidence has been advanced that significant changes have occurred, or that they will occur in the future.

We agree with the trial court's assessment that an injunction against significant changes in the conduct of the station would require a level of involvement in corporate actions which is impractical, burdensome, and could implicate first amendment rights. *Cf. Henry v. First Nat'l Bank of Clarksdale*, 595 F.2d 291, 303 (5th Cir.1979) (state court injunction prohibiting boycott of business was so broad as to raise "serious constitutional problems"), *cert. denied*, 444 U.S. 1074, 100 S.Ct. 1020, 62 L.Ed.2d 756 (1980).

## DECISION

On the present record, we affirm the trial court's denial of a temporary injunction. Should new events warrant extraordinary relief, the motion may be renewed. Alternatively, the trial court may wish to consider an expedited hearing.

Affirmed in part, reversed in part and remanded.